IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES LALA,
09873-081,

    Petitioner,

      vs.

JEFFREY S. WALTON,

    Respondent.                   Case No. 14-cv-00657-DRH

**MEMORANDUM AND ORDER**

**HERNDON, Chief District Judge:**

        Petitioner Charles LaLa, currently incarcerated in the United States Penitentiary in Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the imposition of a Correctional Management Plan and the resulting incident reports, which caused him to lose Good Conduct Time.  Petitioner originally raised these claims in a civil rights action filed pursuant to 28 U.S.C. § 1983. (*See* Case No. 14-cv-300-MJR, S.D.Il., filed March 3, 2014).  In that case, petitioner claimed that his First Amendment rights had been violated and he sought monetary relief.  (Case No. 14-cv-300-MJR, Doc. 1).  The action was dismissed without prejudice to LaLa filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (*see* Case No. 14-cv-300-MJR, Doc. 6) on the grounds that the § 1983 claims necessarily implicated the validity of his loss of Good Conduct Time and, therefore, could not proceed under *Heck.  See Heck v. Humphrey*, 512 U.S. 477 (1994).

Without commenting on the merits of petitioner's claims in the present matter, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within twenty-eight days of the date this Order is entered.[2]  This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.   Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the opposing party) informed of any change in his whereabouts during the pendency of this action.   This notification shall be done in writing and not later

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** June 20, 2014

Digitally signed by
David R. Herndon
Date: 2014.06.20
17:33:37 -05'00'

**Chief Judge**
**United States District Court**